UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21399-BLOOM/Otazo-Reyes

RETA HOLLOWELL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss Count III of Plaintiff's Complaint, ECF No. [16] ("Motion"). Plaintiff Reta Hollowell ("Plaintiff" or "Hollowell") filed a Response, ECF No. [19], to which Defendant filed a Reply, ECF No. [20]. The Court has carefully reviewed the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.**    **BACKGROUND**

This case arises as a result of alleged injuries sustained by Hollowell on board Carnival's ship, the Carnival *Vista*. In the Complaint, Plaintiff alleges that she is elderly and suffers from mobility issues and was using a scooter at the time of her cruise on the *Vista*. ECF No. [1] ¶ 12. While she was a passenger on the *Vista*, Plaintiff was returning to the ship via tender and, in the process of re-embarking the ship, Carnival's employees told her to stay on the scooter. *Id*. ¶ 13. The employees tried to lift the scooter with her on it, and dropped the scooter, causing her to fall off the scooter and injure herself. *Id*. ¶¶ 13-14.

As a result, Plaintiff asserts three claims against Carnival, including negligence (Count I); failure to warn (Count II); and violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (Count III). In the Motion, Carnival seeks dismissal of the ADA claim asserted in Count III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Rule 12(b)(1) for lack of standing.

## II.    LEGAL STANDARD

### A. Failure to State a Claim

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.

Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### B. Lack of Standing

"Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006)).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes

of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### III. DISCUSSION

#### A. The Complaint Fails to State an ADA Claim

Carnival argues that Plaintiff's ADA claim should be dismissed because the Complaint fails to allege any facts showing that she was barred from enjoying any of the services, facilities, privileges, or accommodations of the *Vista*. Carnival argues further that the Complaint fails to state a factual basis showing some tangible or intangible barrier that barred her from the full and equal enjoyment of the *Vista*. Plaintiff responds that the allegations contained in the Complaint are sufficient.

Title III of the ADA states that, as a general rule:

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

In order to state a claim under Title III of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was discriminated against in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place

of public accommodation; and (3) the discrimination was on the basis of her disability. *Louie v. Nat'l Football League*, 185 F. Supp. 2d 1306, 1308 (S.D. Fla. 2002). Importantly, "[t]he prohibition on discrimination is not limited to tangible barriers that disabled persons face but can extend to intangible barriers as well." *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018) (citing *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002)).

At the outset, the Court notes that Carnival does not appear to dispute that Plaintiff is a qualified individual with a disability or that the ADA applies to the *Vista*. Carnival argues that the allegations are insufficient to satisfy the second element of an ADA claim – that Plaintiff was discriminated against in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations on the *Vista*.[1]

---

[1] Under the ADA,

> discrimination includes—
>
> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars

In the Complaint, Plaintiff alleges that:

> [o]n or about March 8, 2022, Plaintiff had returned to the ship via tender and was in the process of re-embarking the ship. As Plaintiff attempted to step off of her scoter so that it could be put aboard the ship by Defendant's employees, Defendant's employees told her to remain on the scooter. Thereafter, Defendant's employees attempted to lift the scooter with Plaintiff still in it, took a few steps toward the ship, and dropped the scooter with Plaintiff in it. This caused a hard impact, causing Plaintiff to fall off the scooter.

ECF No. [1] ¶ 13. In addition, paragraph 37 states, in pertinent part, that:

> Defendant has violated Title III of the ADA by, *inter alia*, failing to operate its ships on a nondiscriminatory basis; failing to ensure that individuals, including Plaintiff, with mobility disabilities who must make use of scooters have nondiscriminatory, safe access to Defendant's ships, including the CARNIVAL VISTA, and the ability to safely exit and enter the ship by way of Defendant's embarkation area. Plaintiff was denied public accommodation by Defendant due to her disability.

*Id*. ¶ 37. Though not clear from the Complaint, Plaintiff clarifies in her Response to the Motion that her claim is based on the existence of a barrier – "but for the existence of a 'barrier' to her re-boarding the ship on her own in her scooter, Defendant's employees would not have had to 'lift the scooter' in order to allow Plaintiff access from the embarkation area and back onto the ship." ECF No. [19] at 5. However, the Complaint notably does not allege that Plaintiff was prevented from re-embarking the ship altogether, nor does it contain any factual allegations regarding what the actual "barrier" to re-embarking is in this case. Rather, the facts alleged in the Complaint relate to the allegedly negligent *manner* in which Plaintiff was re-embarked. As such, Defendant is left

---

by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

42 U.S.C. § 12182(b)(2)(A).

to guess whether Plaintiff's claim involves a policy of re-embarkation from a tender that allegedly violates the ADA, or perhaps an actual barrier, such as a gangway or ramp with an improper degree of incline.[2]

As such, the Complaint does not sufficiently allege a claim for violation of the ADA.

### B. Standing

Carnival asserts a facial attack, arguing that Hollowell does not have standing to seek injunctive relief under the ADA because the Complaint fails to allege that she has suffered an injury-in-fact as a result of the alleged barriers, and does not establish a concrete threat of future injury. Plaintiff responds that the allegations in the Complaint are sufficient to state an injury in fact and to satisfy the specific requirements for standing to seek injunctive relief.

Because the Court concludes that Plaintiff does not sufficiently allege a claim for violation of the ADA in the Complaint, the Court agrees that Plaintiff fails to sufficiently allege an injury-in-fact, and therefore, standing. As such, the Court does not reach Carnival's last argument that the Complaint does not establish a concrete threat of future injury.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [16]**, is **GRANTED**, and Count III of the Complaint is dismissed without prejudice. To the extent that Plaintiff can allege additional facts in good faith, Plaintiff may file an amended complaint **no later than July 27, 2022**.

---

[2] A plaintiff may also assert a reasonable modification claim, in which the plaintiff alleges that a defendant failed to reasonably modify its policies, practices or procedures, but in such a case, a plaintiff must also allege that she actually requested a modification." See *Larsen v. Carnival Corp., Inc.*, 242 F. Supp. 2d 1333, 1343 (S.D. Fla. 2003). There are no allegations in the Complaint that would support a reasonable modification claim here.

Case No. 22-cv-21399-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record