UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21399-BLOOM/Otazo-Reyes**

RETA HOLLOWELL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS COUNT III
OF PLAINTIFF'S AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss Count III of Plaintiff's Amended Complaint, ECF No. [40] ("Motion"). Plaintiff Reta Hollowell ("Plaintiff" or "Hollowell") filed a Response, ECF No. [49], to which Defendant filed a Reply, ECF No. [52]. The Court has carefully reviewed the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

This case arises as a result of alleged injuries sustained by Hollowell during a cruise when trying to re-embark the *Carnival Vista*, one of Carnival's ships.

**A.  The Complaint**

In the Complaint, Plaintiff alleged that she is elderly, suffers from mobility issues, and was making use of a scooter at the time of her cruise on the *Carnival Vista*. ECF No. [1] ¶ 12. While a passenger on the *Carnival Vista*, Plaintiff was returning to the ship via tender, and in the process of re-embarking the ship, Defendant's employees told her to stay on the scooter. ECF No. [1] ¶ 13.

As alleged in the Complaint, the employees tried to lift the scooter with her on it, took a few steps toward the ship, and dropped the scooter with Plaintiff in it, causing her to fall off of the scooter and injure herself. *Id*. ¶¶ 13-14. In Count III of the Complaint, Plaintiff asserted a claim for violation of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. *See id*. Carnival requested dismissal of Plaintiff's ADA claim, for failure to state a claim and lack of standing. *See* ECF No. [16] ("Motion to Dismiss"). The Court granted Carnival's first Motion to Dismiss, determining that Plaintiff failed to state a claim for violation of the ADA and that she lacked standing, since she failed to allege that she suffered an injury-in-fact as a result of the alleged barriers. *See* ECF No. [31]. Specifically, the Court noted that the Complaint did not contain "any factual allegations regarding the actual 'barrier' to re-embarking in this case." *Id*. at 6. The Court granted Plaintiff leave to amend. *Id*. at 7.

**B. The Amended Complaint**

In the Amended Complaint, Plaintiff again alleges that she is elderly, suffers from mobility issues, and was using a scooter at the time of her cruise on the *Carnival Vista*. ECF No. [33] ¶ 12. With respect to the barriers she encountered, she alleges that

> because of the configuration (and incline relative to the ship's side port) of Defendant's embarkation area/ramp, Plaintiff was prevented from driving her mobility scooter over the embarkation area/ramp and onto the ship; that is, the path from the embarkation area/ramp and onto the ship, was not accessible to her in her mobility scooter.

*Id*. ¶ 13. Plaintiff continues that as she

> attempted to step off of her scooter so that it could be put aboard the ship by Defendant's employees, Defendant's employees told her to remain on the scooter. Thereafter, Defendant's employees attempted to lift the scooter with Plaintiff still in it, took a few steps toward the ship, and dropped the scooter with Plaintiff in it. This caused a hard impact, causing Plaintiff to fall off of the scooter.

*Id.* As a result of the fall, Plaintiff alleges that she sustained injuries, and she has suffered further deterioration of her mobility. *Id.* ¶ 14.

In the Amended Complaint, Plaintiff asserts claims of negligence (Counts I and II) and re-asserts her claim for violation of the ADA (Count III). *See* ECF No. [33]. Defendant filed an Answer and Affirmative Defenses to Plaintiff's negligence claims, ECF No. [34]. In the instant Motion, Defendant again seeks dismissal of the ADA claim in Count III for failure to state a claim and lack of standing.

### C. LEGAL STANDARD

#### A. Failure to State a Claim

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor

of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

**B. Lack of Standing**

"Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir. 2006)).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint

'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### D. DISCUSSION

Defendant argues that Plaintiff's ADA claim should be dismissed because the Amended Complaint fails to plausibly allege that (1) Plaintiff is disabled; (2) Plaintiff suffers a real and immediate threat of future injury; or that (3) Carnival denied the Plaintiff full and equal enjoyment of the premises on the basis of disability. Plaintiff responds that the allegations contained in the Amended Complaint are sufficient. Because the Court finds Defendant's last argument to be dispositive, the Court considers it first.

### A. The Amended Complaint Fails to State an ADA Claim

In order to state a claim under Title III of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was discriminated against in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation; and (3) the discrimination was on the basis of her disability. *Louie v. Nat'l Football League*, 185 F. Supp. 2d 1306, 1308 (S.D. Fla. 2002). As the Court has previously

noted, "[t]he prohibition on discrimination is not limited to tangible barriers that disabled persons face but can extend to intangible barriers as well." *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018) (citing *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002)). Relevant to the instant case, discrimination under the ADA includes

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable[.]

42 U.S.C. § 12182(b)(2)(A).[1]

In the Amended Complaint, Plaintiff alleges that

> Defendant has violated Title III of the ADA by, *inter alia*, failing to operate its ships on a nondiscriminatory basis; failing to ensure that individuals, including Plaintiff, with mobility disabilities who must make use of scooters have nondiscriminatory, safe access to Defendant's ships, including the CARNIVAL VISTA, and the ability to safely exit and enter the ship by way of Defendant's embarkation area. Plaintiff was denied public accommodation by Defendant due to her disability. Specifically, because of the configuration (and incline relative to the ship's side port) of Defendant's embarkation area/ramp, Plaintiff was prevented from driving her mobility scooter over the embarkation area/ramp and onto the ship; that is, the path from the embarkation area/ramp and onto the ship, was not accessible to her in her mobility scooter.

ECF No. [33] ¶ 37.

Defendant argues that Plaintiff's allegations do not support the inference that her disability prevented her from accessing the ship without a mobility scooter, such that the incline she alleges would constitute a barrier under the ADA. Plaintiff responds that the allegations regarding the

---

[1] A plaintiff may also assert a reasonable modification claim, in which the plaintiff alleges that a defendant failed to reasonably modify its policies, practices or procedures, but in such a case, a plaintiff must also allege that she actually requested a modification." *See Larsen v. Carnival Corp., Inc.*, 242 F. Supp. 2d 1333, 1343 (S.D. Fla. 2003). As in the initial Complaint, there are no allegations in the Amended Complaint that would support a reasonable modification claim.

incline of the embarkation area/ramp identify the relevant barrier, and Plaintiff's claimed violations of the ADA are now clear –

> it was both '*the configuration (and incline relative to the ship's side port) of Defendant's embarkation area/ramp*' and the procedure whereby '*Defendant's employees told her to remain on the scooter [and] [t]hereafter, Defendant's employees attempted to lift the scooter with Plaintiff still in it, took a few steps toward the ship, and dropped the scooter with Plaintiff in it.*'

ECF No. [49] at 6-7 (emphasis and alterations in original). Upon review, however, the Court does not find the allegations sufficiently state a claim.

First, although Plaintiff asserts in her Response that the alleged violations arise from both a physical barrier—the configuration of the embarkation area/ramp—and an intangible barrier—the procedure for embarkation, the Amended Complaint contains no allegations regarding a discriminatory procedure. It is well settled "that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

Second, the allegations regarding the configuration of the embarkation area/ramp do not support the inference that the discrimination Plaintiff alleges was on the basis of her disability. Like the initial Complaint, the Amended Complaint alleges that it was the negligent manner in which Plaintiff was re-embarked that caused her injuries, not the configuration of the embarkation area/ramp. Indeed, Plaintiff alleges that, rather than allow her to step off the scooter so that it could be put aboard the ship, Defendant's employees told her to stay on it, proceeded to lift her and the

scooter together, and then dropped them both, causing injuries when she fell off. *See* ECF No. [33] ¶ 13. Thus, the facts alleged support the inference that Plaintiff's injuries resulted from the negligent actions of Defendant's employees in attempting to get her and her scooter on board the ship, and *not* the configuration of the embarkation area/ramp, as Plaintiff argues. *See Moranos v. Royal Caribbean Cruises, Ltd.*, 565 F. Supp. 2d 1337, 1339 (S.D. Fla. 2008) (dismissing Title III claim based upon injuries sustained due to the failure to provide disembarking assistance to a wheelchair bound individual, where it appeared from the allegations that the "negligent failure to provide aid was an isolated incident.").

As such, the Complaint does not sufficiently allege a claim for violation of the ADA.

**B. Plaintiff Lacks Standing**

Defendant asserts a facial attack on Plaintiff's standing, arguing that she does not have standing to seek injunctive relief under the ADA because she fails to sufficiently allege that she is disabled, or that she was actually injured by the barriers alleged, and fails to allege a real and immediate threat of future injury. Plaintiff responds that the allegations in the Amended Complaint are sufficient to state an injury in fact and to satisfy the specific requirements for standing to seek injunctive relief.

To establish standing, a plaintiff must allege that: (1) she "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). As previously noted, the Amended Complaint's allegations do not support the conclusion that Plaintiff was injured by the configuration of the embarkation

Case No. 22-cv-21399-BLOOM/Otazo-Reyes

area/ramp. As such, Plaintiff's claimed injuries are not fairly traceable to Defendant's alleged violations of the ADA, and she lacks standing.

### E. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [40]**, is **GRANTED**, and Count III of the Complaint is dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record